EASTERN DIS.
*December,* 1833.

PLAUCHE
ET AL.
*vs.*
MARIGNY.

---

## PLAUCHE ET AL. *vs.* MARIGNY.

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT.

On a motion to dismiss an appeal, the mover is not required to state any of his reasons for the purpose of obtaining an order on his adversary to show cause; and if some of the causes have been expressed, the mover is not thereby precluded from alleging others on the trial.

The want of citation of the appellee, for the term at which the appeal is made returnable, is a good ground for dismissal of the appeal.

EASTERN DIS. The sickness of the judge *a quo*, cannot excuse the want of citation in due
December, 1833.
time, it being a writ in the ordinary course of judicial proceedings,
PLAUCHE              requiring no special order of the judge.
ET AL.
*vs.*
MARIGNY.
The citation of the appellee cannot be proved, as a matter *in pais*, it must
appear as a matter of record, or at least must be established by the written
acknowledgment of the party.

Mrs. Faure, formerly the wife of the late Toussaint
Letourneau, and their only child and heir, Emilie Letour-
neau, brought this action to be quieted in their title to a
tract of land, measuring sixteen arpents on lake Pontchar-
train, at the mouth of bayou Castin, by forty arpents in.
depth.

The petition showed that on the 13th of February, 1790,
Joseph Rabassa, since deceased, obtained from governor
Miro, a grant for a tract of land on lake Pontchartrain, and
on Castin bayou, measuring thirty arpents in front, by forty
arpents in depth. Copies of Rabassa's *requête* and the gover-
nor's order of survey, made in conformity with it, were pro-
duced. By the *requête*, the tract solicited was bounded on
one side by the land of Joseph Laurent, an error it was alleged,
induced by the belief that Laurent was the actual owner of
the small tract which he then cultivated. Rabassa took
immediate possession of the land, and retained it peaceably
until 7th January, 1805, when he sold the land to Toussaint
Letourneau, and delivered to him the *requête* and order of
survey. Letourneau's possession was uninterrupted. In
April, 1820, his title was confirmed by the commissioners of
the United States for the district, east of the island of New-
Orleans. He died in the same year. Since his death the
plaintiffs aver their possession has been peaceable until Octo-
ber, 1829, when the defendant claimed that part of the tract
for which this suit is brought; planted posts as boundaries on
it; cut and destroyed large quantities of wood and timber, and
exercised many other acts of pretended ownership.

The defendant pleaded the general denial to all these
allegations. He denied that the concession to Rabassa was

EASTERN DIS.
*December*, 1833.

PLAUCHE
ET AL.
*vs.*
MARIGNY.

valid, because, as he alleged, it was not followed by actual survey. He denied that the alleged confirmation by the commissioners of the United States, had any effect on his title. He pleaded a better title, and the prescription, by uninterrupted, *bona fide* possession, of ten, twenty and thirty years. The title under which the defendant claimed the *locus in quo*, was a British grant made to Lewis Davis in 1777.

The judge *a quo* decided against the plaintiffs' claim, on the ground that the plaintiffs had not shown with sufficient certainty, that the land in dispute was included in the tract granted to Rabassa.

The plaintiffs appealed.

On the 7th of May, 1833, judgment was signed by the late Judge Lewis, the then presiding judge. On the 15th of the same month, the same judge granted the order of appeal, returnable on the first Monday in the following month. The appeal bond was filed on the same day. On the 20th of November, following, a second petition of appeal was presented, stating that Judge Lewis had not attended court, by reason of his illness and death, subsequent to the day when the order of appeal was granted. His successor in office, thereupon, made the following order. "The judge of this court not having tried this cause in the first instance, cannot give the certificate required by the plaintiffs, and there not being time for the return of this appeal in the present month, it is ordered the said appeal be made returnable on the first Monday in December next."

The clerk of the court certified "that the foregoing two hundred and three pages, do contain a transcript of the record for appeal in the case wherein," &c.

On the transcript was endorsed the following admission of service, and signed by the attorney for the defendant and appellee. "*Sirvice of this appeal acknowledged by me this* 19*th November*, 1833."

The record was filed on the 2d of December, 1833.

The cause came on to be heard, on a motion to dismiss the appeal, for want of a statement of facts and omission to file the transcript of the record on the return day.

EASTERN DIS.
*December*, 1833.

PLAUCHE
ET AL.
*vs.*
MARIGNY.

MATHEWS, J., delivered the opinion of the court.

This case was brought before the court on a motion to dismiss the appeal. It is expressed in the following terms. " On motion, &c., it is ordered that the plaintiffs and appellants show cause, &c., why this appeal should not be dismissed, there being no statement of facts, and not having been returned on the return day."

In the course of argument the counsel for the appellee offered as an additional reason, why the appeal should not be dismissed, the want of citation after the appeal to the proper term of the Appellate Court. This mode of argument is objected to by the appellants, as inadmissible, insisting that the mover should not be permitted to avail himself of any means to dismiss, except those contained in his motion. We are, however, of a different opinion. When a motion is made to dismiss an appeal, it is not required of the mover to state any reasons for the purpose of obtaining an order on his adversary to show cause. He would consequently be at liberty to show any legal causes of dismissal, *ore tenus*, on the trial of the rule, and it seems to us to follow, as a corollary, that if all reasons to dismiss may be offered on the discussion of the rule, without having been expressed in it, the circumstance of some having been thus expressed, cannot lawfully preclude the adduction of others.

*On a motion to dismiss an appeal, the mover is not required to state any of his reasons for the purpose of obtaining an order, on his adversary to show cause; and if some of the causes have been expressed, the mover is not thereby precluded from alleging others on the trial.*

The article of the *Code of Practice*, 583, relied on by the appellee's counsel, to show the fatal effect of the want of citation to the proper term of the Appellate Court, has in several instances received our interpretation and the text of law itself, as well as the decisions of the court, all favor his pretentions.

*The want of citation of the appellee, for the term at which the appeal is made returnable, is a good ground for dismissal of the appeal.*

In the present instance, the petition of appeal was filed in May last, and the order of the court below made it returnable to the first Monday in June term, of the Appellate Court. To appear on that day, the appellee ought to have been cited, if there was time sufficient after the rendition of the judgment in the District Court, in pursuance of the delay allowed by law, if not to the first day of the next succeeding term. The record affords no evidence, *pro* or *con*, as to the

sufficiency of time to make the appeal returnable to the term of the Supreme Court, immediately succeeding the signing of the judgment in the court below; but as it was made thus returnable, the fair presumption is, that the time was sufficient. Being of opinion, that on this ground alone the appeal must be dismissed, we forbear to examine any other point in the cause.

EASTERN DIS.
*December,* 1833.

PLAUCHE
ET AL.
*vs.*
MARIGNY.

The circumstance of the sickness of the judge *a quo*, as detailed in the affidavit of Mr. Farrie, cannot excuse the want of citation in due time, being a writ in the ordinary course of judicial proceedings, requiring no special order of the judge. See in support of this opinion, 3 *La. Reports* 440, 460 and 250. 4 *ditto p.* 180. and *Code of Practice* 583.

The sickness of the judge *a quo*, cannot excuse the want of citation in due time, it being a writ in the ordinary course of judicial proceedings, requiring no special order of the judge.

It is, therefore, ordered, adjudged and decreed, that this appeal be dismissed at the costs of the appellants.

*Conrad* and *Potts*, for plaintiffs and appellants.

*Hennen, contra.*

A rehearing was prayed for by the appellants, on the ground that the want of citation for which the appeal was dismissed, had not been stated among the causes for dismissal filed, and that the appellants were prepared to prove that the service of the citation of appeal had been expressly waived by the appellee in person. The rehearing was granted.

The appellants relied on the following affidavits which they offered in evidence.

John L. Lewis, the clerk of the court in which the cause was tried, made affidavit "that B. Marigny, the defendant in the above entitled suit, appeared at this affiant's office a short time after the appeal in this case was taken, and before the return day to the Supreme Court, for the purpose of urging this affiant in making out the transcript of the record in this case for appeal, and that at the same time the said Marigny expressly waived the formality of citation, alleging

EASTERN DIS.
*December,* 1833.

PLAUCHE
ET AL.
*vs.*
MARIGNY.

his wish to bring the said appeal before the Supreme Court, as expeditiously as possible, and promising not to take any advantage which might result from the non-compliance with said formality on the part of this affiant; and further, this affiant deposes that the reasons above stated, are the only cause why the citation of appeal in the above case was not issued, and does not appear upon the record."

Hugh Farrie, the deputy clerk, made affidavit, " that after the judgment in the above entitled cause, was rendered against the plaintiffs, they presented the petition of appeal which is found in the transcript of the record of said suit; that said appeal was allowed, and affiant caused a transcript of the record to be made out in said suit; that said transcript is the one now on file in the Supreme Court, and is a true and correct one, and contains all the evidence adduced by either of the parties on the trial, as well as of all documents filed in said suit, and introduced on the trial thereof, except certain material records, which the counsel for the parties agreed should not be inserted in the record, but should be taken up to the Supreme Court, separately, either in the originals or certified copies. That before said transcript was completed, and before the day fixed by the order of the judge for the return of the appeal, Joshua Lewis, late judge of said court, fell sick and never held court after the seventh day of May, 1833, and departed this life on or about the fifth day of June ensuing."

*Conrad* and *Potts*, for plaintiffs and appellants.

*Hennen, contra.*

1. The appellee complied with the agreement, as related by Lewis. Service of the appeal being accepted by his counsel, 19th November, 1833, as appears from the record.

2. The first appeal was abandoned, by taking a second from judge Watts, on the 20th November, 1833. 4 *Miller's Reports*, 41 *Doner* vs. *Sergeant. Code of Practice, art.* 594.

3. No bond having been given on the second appeal, the appeal must be dismissed.

4. The first appeal was not returned on the return day, the appeal should therefore be dismissed. 3 *La. Reports,* 250, *Bell* vs. *Williams.* *Idcm.* 440, *Bains* vs. *Higgins.*

EASTERN DIS.
*December,* 1833.

GUILLAUME
*vs.*
LOUISIANA
INSURANCE CO.

MARTIN, J., delivered the opinion of the court.

We granted a rehearing on this case to the plaintiffs, on their exhibiting an affidavit of the clerk of the District Court, who stated he had forborne issuing a citation, the defendant and appellee having told him it was unnecessary, and the service of the citation would be acknowledged. This was not admitted by the defendant, and it appears some misunderstanding has taken place.

We are of opinion, that so important a part of the proceedings in an appeal, as the citation of the appellee, cannot be proved as a matter *in pais,* but must appear as a matter of record, or at least must be established by the written acknowledgment of the party.

The citation of the appellee cannot be proved, as a matter *in pais,* it must appear as a matter of record. or at least must be establish-ed by the written acknowledgment of the party.

Our former opinion must, therefore, remain undisturbed, as the judgment of the court in the present case.